United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51344
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SAMMY JOE ADKINS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-036-2
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

       Sammy Joe Adkins pleaded guilty to aiding and abetting

distribution of more than 50 grams of methamphetamine and was

sentenced to 100 months in prison to be followed by five years of

supervised release.  Adkins appeals, asserting that his sentence

is unreasonable because the district court did not accord proper

weight to the sentencing factors given in 18 U.S.C. § 3553; and

thus, effectively reinstated the mandatory Guidelines regime

condemned in United States v. Booker, 543 U.S. 220 (2005).

Adkins also contends that the court should have taken into

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account his age, his wife's health, his good work history, and the disparity between his sentence and that of his co-defendant, who received 36 months.

A presumption of reasonableness applies to a district court within-guidelines sentence that reflects a proper application of the Guidelines. See Rita v. United States, ___ S. Ct. ___, 2007 WL 1772146 at *6-8 (June 21, 2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The record shows that the district court fulfilled its duty to consider the relevant 18 U.S.C. § 3553 factors in addition to the Guidelines, and sentenced Adkins to 100 months of imprisonment, the lowest end of the sentencing guidelines range. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). There is no indication that the sentence imposed is unreasonable. Id. at 519.

Under the Guidelines, employment record; family ties and responsibilities; age, unless the defendant is elderly and infirm; and health, unless the defendant is seriously infirm, are not proper considerations when deciding whether to depart. See U.S.S.G. §§ 5H1.1-5H1.6.

The record is silent regarding the reasons for Adkins's co-defendant's sentence and whether the defendants are similarly situated with respect to criminal history and circumstances. See 18 U.S.C. § 3553(a)(6). The judgment of the district court is AFFIRMED.