**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-30137
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MORRIS BUTLER, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-54-2

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Morris Butler, Jr., pleaded guilty to conspiracy to commit mail fraud. After departing upward one criminal history level to a Criminal History Category of VI and four offense levels pursuant to U.S.S.G. § 4A1.3, the district court sentenced Butler to 48 months in prison. Had the district court not imposed the upward departure, Butler faced a guideline range of 24 to 30 months. Butler contends that his sentence was unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When reviewing sentences, "this court must first consider whether the district court made a significant procedural error. If no procedural error exists, the court then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, irrespective of whether the sentence falls within the Guidelines range."[1]

Butler focuses his appeal on procedural unreasonableness – maintaining that the district court failed to consider all the factors of 18 U.S.C. § 3553(a) in imposing the enhancement. Butler further complains that his sentence is not proportionate to those received by his codefendants, in violation of § 3553(a)(6).

Butler did not raise any of his challenges to the upward departure in the district court, so we review his claims for plain error.[2] For plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.[3] If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]

---

[1] *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (citations and internal quotations omitted).

[2] *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) ("[W]e have held that defendants sentenced before *Booker* forfeited their right to resentencing if they did not preserve the Sixth Amendment error in the district court. *Booker* did not change the imperative to preserve error in that instance or here. . . . We therefore review here for plain error.").

[3] *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[4] *Id.*

The sentencing guidelines allow a district court to depart upwardly or downwardly based on the inadequacy of the criminal history category.[5]  This court has noted that, because "the court's authority to depart derives from the Guidelines themselves, a sentence supported by a departure is . . . a 'Guideline sentence.'"[6]  We review for abuse of discretion when "evaluating both a decision to depart and the extent of the departure . . . .  In assessing the extent of a departure, we continue to look to our pre-*Booker* case law for guidance."[7]  The district court does not abuse its discretion when upwardly departing "if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case."[8]

The district court in this case followed U.S.S.G. § 4A1.3 when determining the sentencing range and gave a more-than-sufficient explanation for its decision upwardly to depart.  Indeed, the court based its sentence on the factors set forth in § 3553(a), including Butler's history and characteristics, the need to promote respect for the law, the need for adequate deterrence, and the need to protect the

---

[5]*See* U.S.S.G. § 4A1.3.

[6]*United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (citing *United States v. Mares*, 402 F.3d 511, 519 n.7 (5th Cir. 2005) ("We use the term 'non-Guideline' sentence to distinguish it from a Guidelines sentence which includes a sentence that has been adjusted by applying a 'departure' as allowed by the Guidelines.")).  Guidelines sentences – like the one imposed upon Butler – require little explanation from the district court.  *See Mares*, 402 F.3d at 519 & n.7.

[7]*Smith*, 440 F.3d at 707 (citations omitted).

[8]*United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (citations and quotations omitted).

public from future crimes by Butler. The district court focused on Butler's multiple prior felony convictions, which – as in this case – involved committing theft by check. The court also considered Butler's habit of unsuccessfully completing probation and parole terms. Because the upward departure under § 4A1.3 advanced the objectives in § 3553(a) and is justified by the facts of the case, the district court did not commit reversible error.

Butler further argues that the district court procedurally erred by giving him a longer sentence than his co-conspirators. He claims that the court did not follow the guidance of 18 U.S.C. 3553(a)(6), which admonishes district judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Butler had two partners in crime, and he alleges that they received lower sentences than he did. Butler, though, has not shown that those defendants had "similar records." In fact, the appellate record in this case says nothing about the reasons for the other criminals' sentences. We have held in a persuasive unpublished opinion that we should uphold the district court's sentence where "[t]he record is silent regarding the reasons for [the prisoner's] co-defendant's sentence and whether the defendants are similarly situated with respect to criminal history and circumstances."[9] The district court here did not reversibly err.

Even if the district court had committed a procedural error – which it did not – Butler's case comes before us on plain error review, and he cannot satisfy

---

[9]*United States v. Adkins*, 242 F. App'x. 194, 195 (5th Cir. 2007) (unpublished).

4

the third prong. Specifically, he has not described – much less proved – how a better explanation would have changed his 48-month sentence.[10]

Butler does not on appeal specifically address the substantive reasonableness of his sentence, nor did he object at trial to the length of the sentence. Under the totality of the circumstances in this case – and particularly in light of the policy statements of § 3553(a) – nothing indicates that Butler's 48-month sentence is anything but reasonable, and the sentence is within the scope of departures previously upheld by this court.[11]

AFFIRMED.

---

[10]*See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) ("[T]o show substantial prejudice, the defendant must prove that the error affected the sentencing outcome.").

[11]*See, e.g., United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005) (upholding upward departure from 55 to 84 months and compiling cases); *c.f. United States v. Herrera-Garduno*, 519 F.3d 526, 532 (5th Cir. 2008) (compiling cases upholding sentences that "deviated" upwardly from the advisory guidelines, a somewhat different but still analogous situation to Butler's).